**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

DANIEL NYE,                     )
                                 )
               Plaintiff,       )
        v.                   )   Civil Action
                                 )   No. 11-03471-CV-JCE-SSA
MICHAEL J. ASTRUE,       )
COMMISSIONER OF        )
SOCIAL SECURITY,         )
              Defendant.    )

**<u>ORDER</u>**

Before the Court are Plaintiff's brief in support of his claim and Defendant's brief in support of the administrative decision. Plaintiff has also filed a reply brief. The case involves the appeal of the final decision of the Secretary denying plaintiff's application for disability benefits under Title II of the Act, 42 U.S.C. §§401 <u>et</u> <u>seq.</u>, and his application for supplemental security income under Tittle XVI of the Act, 42 U.S.C. §§ 1381, <u>et</u> <u>seq</u>. Pursuant to 42 U.S.C.§ 405(g) and § 1383(c)(3), this Court may review the final decision of the Secretary. For the following reasons, the Secretary's decision will be remanded under sentence four for further proceedings consistent with this opinion.

<u>Standard of Review</u>

Judicial review of disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); <u>e.g.,</u> <u>Rappoport v. Sullivan,</u> 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" <u>Richardson v.</u> <u>Perales,</u> 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. V. NLRB,</u> 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision. <u>Robinson v.</u>

Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. A disabling impairment is one which precludes engaging "in any substantial gainful activity [for at least twelve months] by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A finding of "not disabled" will be made if a claimant does not "have any impairment or combination of impairments which significantly limit [the claimant's] physical or mental ability to do basic work activities. . . ." 20 C.F.R. § 404.1520.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well-settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

When rejecting a claimant's subjective complaints, the ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

<u>Discussion</u>

Plaintiff was 43 years old at the time of the hearing before the ALJ. He alleges disability primarily based on neck and shoulder pain, and mental impairments. He has a tenth-grade education, and past relevant work as a truck driver; woodworking shop hand, and commercial cleaner.

The ALJ found that plaintiff had not engaged in substantial gainful activity since January 15, 2008, the alleged onset date. He concluded that plaintiff was not fully credible. It was his finding that plaintiff has the following severe impairments: "Substance abuse disorder, in early remission, bipolar disorder, posttraumatic stress disorder (PTSD), degenerative disc disease of the cervical spine with radicular pain into the left shoulder, and obstructive sleep apnea. . . ." [Tr. 14]. The ALJ found that he did not have an impairment or combination of impairments that met or equaled a listed impairment. It was his finding that plaintiff could not perform his past relevant work, but that he had the Residual Functional Capacity ["RFC"] to perform light work, with occasional pushing and pulling with the upper extremities, occasional climbing of ramps and stairs, and occasional crouching and crawling. The ALJ further determined that plaintiff may frequently reach in all directions, including overhead reaching; that he may never climb ladders, ropes or scaffolds; and that he must avoid concentrated exposure to excessive vibration, hazardous machines, and unprotected heights. He concluded that, mentally, plaintiff was "limited to unskilled work only that involves no more than occasional contact with the general public and coworkers." [Tr. 16]. Therefore, the ALJ found that plaintiff was not under a disability as defined by the Act.

The ALJ stated, in rendering his RFC assessment, that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective

medical evidence and other evidence. . . ." [Tr. 17]. He also stated that he "also considered opinion evidence in accordance with the requirements of [the regulations]." [Id.]. The Court notes that the only opinion evidence in the record appears to be that of a consultative examiner regarding plaintiff's mental impairments, to which the ALJ gave little weight.

Regarding plaintiff's neck pain, the ALJ observed that there is substantial evidence to support his allegations of neck pain, post surgical fusion at C3-4 in 2006. He also concluded that plaintiff was non-compliant with physical therapy post-surgery and that he was released to work in 2007 with no restrictions. The ALJ also discredited plaintiff for not seeking treatment for over two years, between 2007 and 2009. He acknowledged, however, that repeated x-rays in 2010 revealed mild to moderate degenerative disc disease at C4-5 and C5-6, and an MRI in 2010 revealed multilevel foraminal narrowing in the cervical spine with a diffuse annular bulge at C2-3. Additionally, he observed that an x-ray of the left shoulder in 2010 revealed an irregularity "of the internal glenoid, secondary to a previous trauma." [Tr. 18]. The ALJ recognized that there was an objective basis for plaintiff's pain, but concluded that clinical signs and findings were unremarkable, and that plaintiff's efforts at relieving his pain were not consistent with his complaints. He then assessed plaintiff's RFC, stating that "since there are no medical source opinions from the claimant's treating physician or medical opinions from the State Agency regarding his physical limitations, I have determined the claimant's residual functional capacity based on the entire record, including the objective medical findings, the clinical findings on examination and the claimant's testimony." [Tr. 19].

It is plaintiff's position that the ALJ relied improperly upon his own inferences and medical conclusions drawn from the record. Plaintiff contends that the ALJ erred in analyzing plaintiff's credibility, and erred in his RFC assessment. He specifically asserts that there was

insufficient evidence to derive the RFC and that the ALJ relied on his own lay opinion in formulating the RFC.

An ALJ must determine the RFC based on the medical evidence regarding the claimant's ability to function in the workplace. Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" Id. at 807 (quoting Krogmeier v. Barnhart, 294 F.3d 1019 (8th Cir. 2002). The plaintiff has the burden of producing documents to support his claimed RFC. Cox v. Apfel, 160 F.3d 1203, 1206 (8th Cir. 1998)). The ALJ, however, bears "the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." Cronin v. Astrue, 2012 WL 2046094 (E.D. Ark. June 6, 2012), quoting Wildman v. Astrue, 596 F.3d 959, 969 (8th Cir. 2010) (citations omitted). It is the ALJ's duty to develop the record fully and fairly. Snead v. Barnhart, 360 F.3d 834, 836–37 (8th Cir. 2004). Further, this duty is independent of plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010) (citation omitted). A duty to develop additional evidence arises when medical source evidence is inadequate to determine disability. 20 C.F.R. §§ 404.1512(e), 416.912(e).

After careful review of the record as a whole, the Court finds that plaintiff's contention that the ALJ should have more fully developed the record regarding his mental and physical limitations is well-taken. The ALJ found that plaintiff suffered from several severe impairments, both physical and mental. While recognizing that there were no medical source statements or opinion evidence in the record regarding plaintiff's physical limitations, the ALJ essentially substituted his lay opinion in rendering an RFC finding. Additionally, he gave little weight to the one medical source statement from a state agency consultant regarding plaintiff's mental

impairments. As a result, the Court finds that his RFC assessment is not supported by substantial evidence in the record as a whole. Similarly to the facts in Cronin, "[t]his is not a case where the ALJ credited one physician's opinion over that of another, or where the ALJ relied on better supported reviewing or consulting physicians' opinions. There are no consulting-physician reports in the record. There is not even a reviewing physician's residual functional capacity checklist." Cronin, 2012 WL 2046094, at 4. As a result of the limited development of the record, the RFC assessment is not supported by sufficient medical evidence. The Court finds, based on the record as a whole, that it is inadequately developed regarding the extent that plaintiff's impairments, both severe and non-severe, affect his ability to perform substantial, available work.

Therefore, the Court finds that the case should be remanded under sentence four to further develop the record regarding plaintiff's severe impairments for purposes of the RFC assessment. Given that the RFC assessment includes an assessment of plaintiff's credibility, the Commissioner is also advised to conduct a further credibility analysis. Accordingly, the case should be reversed and remanded for further proceedings consistent with this opinion.

It is hereby

ORDERED that the decision of the Commissioner be reversed, and that this matter be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner for further proceedings consistent with this opinion.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: 11/9/12